Battle, J.
 

 The only questions which we deem it necessary to consider, are two, which appear in the bill of exceptions ■filed by the defendants, and in the opinion expressed on these by the Court below, we entirely concur.
 

 ■ 1. The first is, that the principal defendant was not chargable with the amount $816.07, which was in his hands when he was elected and gave the bond now sued on, in February 1853. He had been chairman of the board of snperintendants of common schools for several consecutive years, immediately pre-* ceeding this time, and, as it is not shown that he had wasted or misapplied the money which he had received, in his official capacity, we must suppose that he had it in Iris hands, ready to be paid to his successor, at the time above mentioned. As he was himself re-elected, he is to be regarded as his own successor, and consequently, to have received, in his new official
 
 *384
 
 capacity, what it was his- duty to pay in his old. Viewed in* that light,, it is-clear that the bond, which he then gave*, made' him and his sureties responsible for that amount.
 

 2. Tb© second' exception», that the defendants were-no-t responsible for the- defaults- of the principal defendant, during-the subsequent years of 1854 and 1855, is fully answered by the decision of this Court in the late case of the
 
 Chairman of Common Schools
 
 v.
 
 Daniel,
 
 6 Jones’ Rep., 444. When the defendant, Stone, was elected and gave-bond,in February 1853, his office was, by the express provisions of the acts-of' 1844 and 1848, to continue for one year, and, until another’ should be appointed, and-, of course, his-bond continued. a9 a. security for the faithful discharge of his duty during all. that time. One of these duties, and not the least important, was-the payment into the hands of his successor, of such moneys-as had been received by him as an officer, and. not expended, according to law. For his default in this respect,, he,.and the other defendants, his sureties, are clearly responsible* and the judgment to that effect given in the Court below must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.